IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER F. EVANS,
    Petitioner
    v. : Case No. 3:16-cv-173-KRG-KAP
SHAWN MILLION, WARDEN,
F.C.I. LORETTO,
    Respondent

Memorandum Report and Recommendation

Petitioner, an inmate at F.C.I. Loretto, filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. From petitioner's previous petition at Evans v. Million Case No. 3:15-cv-332-KRG-KAP (W.D.Pa. January 6, 2016) affirmed No. 16-1137 (3d Cir. April 11, 2016), it appears that petitioner is at Loretto because on April 2, 2012, the Honorable Benson E. Legg sentenced petitioner to 120 months imprisonment followed by 8 years of supervised release after petitioner pleaded guilty pursuant to a plea agreement to conspiracy to distribute cocaine in violation of 21 U.S.C.§ 846. United States v. Evans, Case No. 1:11-cr-34-JDB (D.Md.).

Petitioner wishes to move from the low security facility at Loretto to a minimum security facility but cannot because a management variable has been imposed on him, allegedly as a result of the wrongful use of a misconduct at a previous institution in which petitioner was sanctioned for the possession of contraband. This petition therefore replays the legal issues raised in Mundo-

Violante v. Kirby, Case No. 3:14-cv-174-KRG-KAP (W.D.Pa. February 2, 2015), affirmed No. 15-1466 (3d Cir. June 29, 2016), and as in Mundo-Violante the petition should be dismissed for lack of jurisdiction.

A petition for a writ of habeas corpus petition under 28 U.S.C.§ 2241 challenges the fact of a criminal conviction or the duration or execution of a sentence. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001). The vehicle to challenge the conditions of one's confinement is a civil rights complaint. Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir.2002), citing Georgevich v. Strauss, 772 F.2d 1078, 1087 (3d Cir.1985). The imposition of management variables and other actions the Bureau of Prisons uses to determine custody level or place of confinement that do not themselves directly determine the length of a sentence are conditions of confinement. They must be challenged in a civil rights action, not a habeas petition.

The choice between the two types of action was explained in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir.2005), which allowed the use of a petition for a writ of habeas corpus to challenge the Bureau of Prisons' policy concerning release to halfway houses. Woodall is an anomaly, and the panel

that issued Woodall, conscious of the blurring of the line between habeas and civil actions, explained that it reached the holding it did only because the fact of confinement in a halfway house is qualitatively "very different" from confinement in a prison. By contrast, a panel of the Court of Appeals recognized in Share v. Krueger, 553 Fed. Appx. 207 (3d Cir.2014) that a complaint about the denial of compassionate release under 18 U.S.C.§ 3582(c)(1)(A), though obviously it deals with the continuation *vel non* of confinement, is not the proper subject of a habeas corpus petition. See also Cardona v. Bledsoe, 681 F.3d 533 (3d Cir.2012)(alleged retaliatory placement in a Special Management Unit not challengeable by means of habeas petition); Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir.2007)(challenge to the Bureau of Prisons' "500 mile rule" is not cognizable in habeas corpus). And of course, in Mundo-Violante itself, the Court of Appeals held that:

we agree with the District Court that to the extent Mundo-Violante challenged his security designation, the claim is not cognizable in a §2241 petition because it does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas."

2016 WL 3542247, at *2 (3d Cir.June 29, 2016).

As I noted in Mundo-Violante and the Court of Appeals did not discuss, Smith v. Grondolsky, 2010 WL 891587 (D.N.J.2010) was

3

some authority for using a habeas petition to challenge the imposition of a management variables but I did not find it persuasive. After Woodall, Cardona, and Mundo-Violante, there should be little doubt about the boundaries of habeas petitions: they can be used to challenge placement in a halfway house at the end of sentence, or a placement decision that "violates a direct order of the sentencing court," 2016 WL 3542247, at *2, but not otherwise.

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner is given notice that he has fourteen days to file written objections to this Report and Recommendation.

DATE: 28 July 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Roger F. Evans, Reg. No. 53001-037
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940